UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARC GOODELL,
PHILLIP POWERS,
CHAD WERTH,
ROSS BLAKELY,
DOMINICK P. TUCKER,
JUSTIN ROSE, and
KYLE CRAWFORD,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

    Plaintiffs,

v.

                                    Case No. 08-cv-512-C

CHARTER COMMUNICATIONS, LLC,
and
CHARTER COMMUNICATIONS, INC.

    Defendants.

---

DECLARATION OF ROBERT J. GINGRAS IN SUPPORT OF PLAINTIFFS' PETITION FOR
CLASS COUNSEL'S COSTS AND ATTORNEY FEES

---

STATE OF WISCONSIN    )
                                  ) ss
COUNTY OF DANE       )

    Robert J. Gingras, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

    1.    I am an adult resident of the state of Wisconsin.

    2.    I am a founding partner of Gingras, Cates & Luebke, S.C.

3. I am an attorney licensed to practice law in the state of Wisconsin and I am also admitted to practice in the United States District Court for the Western District of Wisconsin.

4. I am one of the lead counsel retained to represent the plaintiff class in the above captioned action.

5. Gingras, Cates & Luebke, S.C. was retained by each of the class plaintiffs named above in order to serve as co-counsel with Axley Brynelson, LLP, to represent the above named plaintiffs and the putative class. We were initially retained by plaintiff Marc Goodell to prosecute this case on behalf of himself and the class on August 20, 2008.

6. We were retained by additional class plaintiffs at various times thereafter.

7. The fee agreements with Mssrs. Goodell, Powers, Blakely, Tucker, and Werth provide for a 30% contingent fee. The fee agreements with Mssrs. Rose and Crawford provide for a 33 1/3% contingent fee.

8. The Gingras and Axley firms have served as co-class counsel from the inception of this case until the present time. I and attorney Michael Modl at Axley have served as co-lead counsel in this lawsuit on behalf of the plaintiff class and have directed the efforts of attorneys and other legal professionals at our respective firms.

9. In prosecuting this case, attorneys and legal assistants at Gingras, Cates & Luebke, S.C. have reasonably and necessarily performed legal work related to this litigation. The attorneys from our firm involved in working on this matter include myself, Michael J. Luebke, Eric J. Haag, Heath P. Straka, Paul A. Kinne, Jamie Stock-

2

Retzloff, and Susan Kurien. In total, our firm has spent 1,910 hours devoted to the prosecution of this case.

10. I supervised the work performed by all of the attorneys in this firm and can confirm that the time expended was reasonable and necessary for the successful litigation of this matter.

11. I am familiar with complex litigation, including employment litigation and class action litigation. Under the terms of the fee agreements between the class representatives and the Gingras and Axley firms, the firms agreed to bear the risk of no recovery in this matter by accepting a solely contingent fee for this litigation. In addition, the firms agreed to bear the entire risk for out-of-pocket costs in this litigation.

12. The costs incurred in this litigation between the two firms as of the present time are approximately $122,000. It is expected that the total costs between the two firms will be approximately $175,000 after complete administration of the settlement. I understand that the costs could have approached $1,000,000 if this case had proceeded all the way through trial.

13. I am familiar with state and federal wage and hour law and I know that there are numerous potential defenses to the claims asserted in this action which posed significantly legal risk. I understand that if Charter had been successful on one or more of its defenses, the recovery for the class could have been significantly less than the proposed settlement amount. I am aware that class certification also presents its own sets of hurdles and challenges and that failure to certify the proposed class is also a significant risk in wage and hour litigation.

14. An additional significant factor relative to the petition for attorney's fees in this case is the unique circumstance that we were presented with at the outset of the litigation. That is, there was ample speculation in the media prior to the time that we accepted and filed this case to the effect that Charter had massive debt problems and was considering filing for bankruptcy. We were faced with the decision of potentially investing thousands of hours of attorney time, and hundreds of thousands of dollars in out-of-pocket costs, knowing there was a possibility that a bankruptcy proceeding could leave us with little or no recovery. In fact, our team gave due consideration as to whether or not the case should even be pursued at all given the significant financial risk associated with the possibility of Charter bankruptcy.

15. We did, of course, decide to pursue the case and did so with diligence and vigor, at all times attempting to procure the best possible result for the class.

16. Charter did in fact file for bankruptcy approximately seven months after this case was filed. Throughout the bankruptcy process our firm expended an enormous amount of time monitoring the bankruptcy proceedings, educating ourselves about the best options for the class, consulting with experts, surveying the class members, and filing appropriate motions and documents with the bankruptcy court in order to best protect the interests of the class.

17. This case was mediated by professor Eric Green on two different occasions during the Fall and Winter of 2009. Ultimately the fruits of the mediation produced this proposed settlement. The mediation was highly contested. Eventually, a settlement of $18,000,000 for the class claims was reached. The Gingras and Axley firms did not seek any agreement from Charter with respect to attorney's fees or even request

that Charter stipulate to any particular amount of attorney's fees that the firms would request from the Court. The sole goal of class counsel in effectuating the settlement was to procure the best settlement result for the class. We understand that it is up to the Court to set the attorney's fee award in accordance with the market rate.

18. I am generally familiar with settlements in other wage and hour class actions and the results obtained in the settlement of this case are excellent. The average amount that each class member will receive after requested attorney's fees and costs are deducted will be nearly $3,500.

19. The petition for attorney's fees and costs which is being filed simultaneously herewith requests a total of 30% of the common fund to compensate the firms for their fees and costs. Given the costs estimate, the actual percentage of the common fund being devoted to attorney's fees is 29%. Based upon my experience as an attorney who has been practicing law in this District for approximately 27 years, including litigating numerous employment cases and other class action lawsuits, a 30% contingent fee is well within the reasonable market rate given the risks involved in this type of litigation, and particularly under the circumstances that were presented in this case.

Dated this 14th Day of May, 2010.

/s/ Robert J. Gingras
Robert J. Gingras