UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARC GOODELL,
PHILIP POWERS,
CHAD WERTH,
ROSS BLAKLEY,
DOMINICK P. TUCKER,
JUSTIN ROSE, and
KYLE CRAWFORD,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

    Plaintiffs,

Case No. 08-cv-512-C

v.

CHARTER COMMUNICATIONS, LLC,
and
CHARTER COMMUNICATIONS, INC.

    Defendants.
_____

### DECLARATION OF AARON HALSTEAD
_____

STATE OF WISCONSIN    )
                                   ) ss
COUNTY OF DANE      )

    I, Aaron N. Halstead, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

    1.    I am an attorney licensed to practice law in the State of Wisconsin.

    2.    I submit this declaration in support of the complainant's motion for an award of attorney's fees in the above-captioned action.

3. I was admitted to the practice of law in 1990 and have practiced in Madison, Wisconsin, since that time. I am a shareholder in the Madison office of the law firm of Hawks Quindel, S.C.

4. I have concentrated my practice in labor and employment law during my approximately 20 years as an attorney. I have represented both employees and employers in state and federal court litigation, as well as before state and federal administrative agencies, including in the Wisconsin Equal Rights Division and the Wisconsin Employment Relations Commission.

5. I have litigated Fair Labor Standards Act cases in the United States District Courts for both the Eastern and Western Districts of Wisconsin. In such cases, I have entered into either a 33 1/3% contingent fee agreement or a 40% contingent fee agreement, depending on the nature of the case and the risk involved.

6. I have been a Director for the State Bar of Wisconsin's Labor and Employment Section from 1998-2004 and from 2005 to present, and was the Board's chair during the 2003-04 term. I am a regular presenter at the Employment Law Update seminar for the State Bar of Wisconsin, and, beginning in 2010, I am the co-chair of that annual program.

7. The peer-reviewed Best Lawyers in America publication has named me one of the six to ten top labor and employment attorneys in the Madison area for each year from 2003 to present.

8. I was lead counsel for the employee or the union in the following reported labor and employment cases:

   a. Dombeck v. Milwaukee Valve Co., 40 F.3d 230 (7th Cir. 1994)
   b. Gray v. Marinette County, 200 Wis.2d 426, 553 N.W.2d 553 (Ct. App. 1996)

    c. <u>Local 60, AFSCME v. WERC</u>, 217 Wis.2d 602, 579 N.W.2d (Ct. App. 1998)

    d. <u>Motola v. LIRC</u>, 219 Wis.2d 589, 580 N.W.2d 297 (1998)

    e. <u>Barry v. Maple Bluff Country Club, Inc.</u>, 2001 WI App 108, 244 Wis. 2d 86 (2001)

    f. <u>City of Beloit v. Local 643, American Federation of State, County and Municipal Employees</u>, 248 F.3d 650 (7th Cir. 2001)

    g. <u>Conway v. Board of the Police and Fire Commissioners of the City of Madison</u>, 2003 WI 53 262 Wis. 2d 1, 662 N.W.2d 335

    h. <u>Klein v. Board of Regents of the University of Wisconsin System</u>, 2003 WI App 118, 265 Wis. 2d 543, 666 N.W.2d 67

    i. <u>Lynch v. Crossroads Counseling Center, Inc.</u>, 2004 WI App 114, 275 Wis. 2d 171, 684 N.W.2d 141

    j. <u>Hempel v. City of Baraboo</u>, 2005 WI 120, 284 Wis. 2d 162, 699 N.W.2d 551

    k. <u>Marder v. Board of Regents of the University of Wisconsin System</u>, 2005 WI 159, 286 Wis.2d 252, 706 N.W.2d 110

    l. <u>Stone v. Board of Regents of the University of Wisconsin System</u>, 2007 WI App 223, 305 Wis.2d 679, 741 N.W.2d 744.

9. I charge $315/hour to individual clients who retain me on an hourly fee basis for advice and representation in employment matters.

10. I was co-counsel for the plaintiffs in class action against the State of Wisconsin that settled for, among other items of recovery, several million dollars in attorney's fees, collectively, following the issuance of the Wisconsin Supreme Court's opinion in <u>Wisconsin Retired Teachers Ass'n, Inc. v. Employee Trust Funds Bd.</u>, 207 Wis.2d 1, 558 N.W.2d 83 (1997). Fees were sought and awarded in that case under the common fund doctrine.

11. I have reviewed the work performed by counsel for the plaintiffs in the above-captioned proceeding. I also understand the claims that were made and I have been apprised of the settlement terms. It is my opinion that a 30% attorney fee is consistent with the market rate

for this type of work in the Western District of Wisconsin. It is my further opinion that a 30% attorney fee is reasonable in light of the risks involved and the results obtained.

12. Based upon my knowledge of attorney's fees awarded by state and federal courts and agencies to other attorneys in the community with similar experience in employment litigation, and my personal familiarity with the work of Attorneys Robert Gingras and Michael Modl, it is my professional opinion that $400/hour is a reasonable hourly rate for the work performed in this case by each of those attorneys. It is my further opinion that the number of hours devoted to the work in this case, by all attorneys involved in representing the plaintiff, is reasonable.

Dated this 14th Day of May, 2010.

/s/ Aaron N. Halstead
Aaron N. Halstead