UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

MARC GOODELL,
PHILIP POWERS,
CHAD WERTH,
ROSS BLAKLEY,
DOMINICK P. TUCKER,
JUSTIN ROSE, and
KYLE CRAWFORD,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

    Plaintiffs,

                                      Case No. 08-cv-512-C

v.

CHARTER COMMUNICATIONS, LLC,
and
CHARTER COMMUNICATIONS, INC.

    Defendants.

───────────────────────────────────────────────

**DECLARATION OF WILLIAM E. PARSONS IN SUPPORT OF PLAINTIFFS'
PETITION FOR CLASS COUNSEL'S COSTS AND ATTORNEY FEES**

───────────────────────────────────────────────

    I, William E. Parsons, hereby declare under penalty of perjury:

1. I am an adult resident of the state of Wisconsin.

2. I am an attorney licensed to practice law in the state of Wisconsin and admitted to practice before the United States District Court for the Western District of Wisconsin.

3. I am a shareholder at the Madison office of Hawks Quindel, S.C.

4. I have concentrated my practice on employment law matters and have represented employees in state and federal court as well as several administrative agencies.

5. I make this Declaration on my personal knowledge of the facts set forth herein.

6. I make this Declaration in support of Plaintiffs' Petition for Class Counsel's Costs and Attorney Fees.

7. I have personal experience litigating employment cases, including collective actions under the Fair Labor Standards Act and hybrid federal and state wage and hour claims.

8. I have been the lead attorney on six FLSA collective action cases and approximately eight individual wage and hour claims in the Western District of Wisconsin.

9. In such cases, my firm typically enters into 33 1/3% contingent fee agreement for collective actions and a 40% contingent fee agreement for individual wage and hour claims.

10. I am generally familiar with the market for employment litigation in the Western District of Wisconsin, including collective actions under the Fair Labor Standards Act and hybrid federal and state law wage claims.

11. I understand that Class Counsel in the present action has filed a petition with the Court seeking an attorney fee in the amount of 30% of the gross settlement fund of $18,000,000, less actual costs.

12. I understand that the average class member will receive $3,453 after subtracting fees and costs. This is an excellent result in a wage and hour case.

13. I am familiar with the significant risks involved with collective actions under the FLSA and hybrid federal and state law claims. These risks include certifying the class and defending against decertification motions. Further risks include the numerous defenses available to defendants defending such claims and the legal costs associated with the prosecution of same.

14. In my opinion, a 30% attorney fee is consistent with the market rate for this type of work in the Western District of Wisconsin.

15. It is my opinion that a 30% contingency is reasonable in light of the risks involved and the results obtained. I understand there was media speculation about the chances of Charter declaring bankruptcy if it was unable to reach an agreement to restructure its debt, at and around the time the plaintiffs' attorneys commenced this case. That would have been a fact that I would have viewed as a significant risk, and would have strongly weighed against my willingness to accept or pursue a case like this on a contingent fee of any less than 30%.

Dated this 26th day of April 2010.

/s/ William E. Parsons
William E. Parsons