## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

PHILIP POWERS, MARK GOODELL,
CHAD WERTH, ROSS BLAKLEY and
DOMINICK P. TUCKER on behalf of
Themselves and a class of employees and/or
Former employees similarly situated

                              Plaintiffs          Case No:  08-CV-512-C

-vs-

CHARTER COMMUNICATIONS, LLC,
and CHARTER COMMUNICATIONS, INC.
Defendants.

---

### DECLARATION OF MICHAEL R. FOX IN SUPPORT OF PLAINTIFF'S PETITION FOR CLASS COUNSEL'S COSTS AND ATTORNEY'S FEES

I, Michael R. Fox, hereby declare under penalty of perjury that:

1.       I am a licensed attorney and a shareholder in the firm of Fox & Fox, S.C. of Madison, Wisconsin.  I graduated from St. Norbert College in DePere, Wisconsin in June 1969 with a Bachelor of Science degree in psychology.  I graduated from the University of Wisconsin Law School and began the private practice of law in June 1976.

2.   Since graduating from the University of Wisconsin Law School, I have practiced in my own firm currently known as Fox & Fox, S.C.

3.   Since approximately 1982, my law firm has cultivated a special expertise in the preparation and litigation of employment cases. At the current time, approximately 60% of the firm caseload is in the area of employment, civil rights and constitutional law with the remainder confined primarily to personal injury claims and various business disputes.

4.      Since 1982, I have personally been counsel in the cases listed below which represent a fair sampling of litigation that drew public attention as a result of some public significance and/or which contributed to the general development of constitutional, employment or civil law:

*Fessler v. Ward,* United States District Court for the Western District of Wisconsin, settlement, Title VII and 42 U.S.C. 1983 action against legislator, sexual harassment.

*Huebschen v. Dept. of Health and Social Services,* United States District Court for the Western District of Wisconsin.  Male sex harassment jury verdict, published opinions in the areas of fee awards, damages and interrelationship between Title VII and the Equal Protection Clause of the United States Constitution.

*Seefelt v. DHSS,* jury verdict, witness retaliation in violation of Title VII and the First Amendment to the United States Constitution.

*Clark v. ITT,* trial, verdict for usury in violation of Wisconsin Statutes, published decision on fee jurisprudence.

*Gilbert v. M.E.B.,* Wisconsin Supreme Court, published decision overturning M.D.'s license revocation for failure of adequate proof by expert.  Established standards of expert testimony for administrative boards.

*Zabkowitz v. West Bend,* trial verdict, sexual harassment caused by a sexually hostile environment, published decision from the Eastern District of Wisconsin cited by the United States Supreme Court in its landmark ruling affirming that sexual harassment was actionable under Title VII.  Three additional published decisions on fee jurisprudence, exclusion of persons during deposition and plaintiff's right to record IMEs.  Testified before Congress on the inadequacy of Title VII remedies in *Zabcowitz* prior to passage of the 1991 amendments to the Civil Rights Act of 1964.

*Voss v. Eau Claire County,* Western District of Wisconsin, jury verdict, violation of plaintiff's First Amendment rights, plaintiff terminated after testifying before Wisconsin legislature on the issue of abortion.

*Izzard, et al. v. Douglas County,* United States District Court for the Western District of Wisconsin, settlement, violation of the Fair Labor Standards Act, sex discrimination with regard to wages for jailers.

*Kuenze v. Wendy's International,* United States District Court for the Western District of Wisconsin, class action on behalf of 5,000 plus female class members for sex discrimination  in promotion, consent decree, settlement considerations worth well in excess of $3 million.

*Swenson v. Douglas County Farmer's Co-op, et al.,* Wisconsin Circuit Court, Juneau County, jury verdict in excess of $1.2 million, fire explosion-product liability and negligence in installation of fire equipment.

*Elbe v. Wausau Hospital Center,* Western District of Wisconsin, published decision establishing implied civil cause of action under Wis. Stat.  943.30.

*Shager v. Upjohn,* Western District of Wisconsin, Seventh Circuit Court of Appeals, published decision overturning the District Court's grant of summary judgment against plaintiff and clarifying standard of proof for age discrimination  cases in general.

*Price v. Marshall Erdman,* Western District of Wisconsin, Seventh Circuit Court of Appeals, age discrimination jury verdict in excess of $1.1 million and published decision establishing Seventh Circuit standard for evaluation of front pay awards.

*Feldmann, et al. v. Dept. of Corrections,* United States District Court for the Western District of Wisconsin, violation of plaintiff employee's First Amendment rights when disciplining them  for attempting to speak out on prison safety and security.

*McHugh v. GTE,* Western District of Wisconsin, decision (to be published) confirming the existence of cause of action in Wisconsin for lifetime employment contract and     misrepresentation.

*Lawson v. Monroe County,* Western District of Wisconsin $5.4 Million dollar verdict for due process violation deliberate indifference to prisoner's serious medical need.

*Monfils v. Taylor,* Eastern District of Wisconsin $3.0 plus verdict and recovery for due process violation where state created danger.

*Fuentes v. DWD,* Wisconsin Employment Relations Commission proposed decision on claim alleging abuse of discretion and discrimination $325,000.00 settlement with state.

*Doe v. Xinc.,* $1 million plus settlement in dispute over unsigned contracts and phantom stock.

*Miller v. CUNA.,* Madison Equal Opportunities proposed decision finding retaliation – confidential settlement.

*Elestwani v. Viasys,* $1.6 million verdict for ethnicity discrimination.

*Doucette v. Minoqua, Hazelhurst,* Lake Tomahawk School District, $700,000.00 plus settlement for teacher/administrator suspended after contacting authorities to question conditions of bond for teacher accused of child abuse. Decision by the Western District of Wisconsin rejecting both Garcetti defense and qualified immunity for school superintendent.

*Reuter v. School District,* $2.4 million verdict and recovery for mildly brain injured child.

5.  Since its initial publication in or about 1983, I have been recognized in The Best Lawyers in America in the area of employment law. I was selected as the top civil rights lawyer in a poll of lawyers conducted by *Madison Magazine*. Fox & Fox, S.C. was one of 400 law firms selected in the Client's Choice poll of the *American Lawyer Magazine,* a poll conducted of lawyers who primarily work for large U.S. corporations. I was ranked the top plaintiff's employment lawyer in the state of Wisconsin and Fox & Fox was rated the top plaintiff's employment law firm by *Chambers USA*. I served on both the board of the *National Employment Lawyers' Association* and the board of the *Wisconsin Academy of Trial Lawyers*. I was elected to and maintain membership in the *American Board of Trial Attorneys* and the *College of Labor and Employment Lawyers*. I have also been

recognized among the top 50 lawyers in Wisconsin in a poll published in *Milwaukee Magazine*.

6.  I am one of the original authors of the introductory chapter to the State Bar of Wisconsin's publication *Wisconsin Employment Law.*  Since 1982, I have given approximately 60 or more lectures for continuing legal education credit in all aspects of trial law and predominantly in areas that touch upon employment law.

7.  Since 1982, due to my ever-increasing employment case load, I have kept constant contact with that portion of the Bar involved with employment and civil rights litigation.  Over that period of time I have litigated to successful settlement or verdict more than 350 cases involving some aspect of civil rights or employment law.  I currently have many such cases under my direct supervision and for which I am responsible as chief trial counsel.

8.  I set the rates charged by Fox & Fox.  Due to the nature of my practice and my responsibilities for setting fair and reasonable rates that are competitive in today's market, I am required to familiarize myself with market rates charged by lawyers across the state of Wisconsin and, particularly, those lawyers with special skills in the area of civil rights and employment litigation.

9.  I have been qualified and have testified as an expert witness in the area of employment litigation in the past including disputes over the reasonableness of an application for attorney fees.  I have consulted with numerous attorneys about fee and other issues that relate to employment litigation.  I have been asked to and have reviewed dozens of petitions for fees made on behalf of prevailing plaintiffs and have also reviewed

fee petitions made by attorneys for defendants.  As a result of the reliable information I have been provided and as a result of my own expertise and experience I have been able to form opinions to a reasonable degree of professional certainty on what fair and reasonable rates are for litigation of employment cases including cases under the Fair Labor Standards Act.

10.  My current hourly rate is $525.00 which I uniformly charge and receive from hourly clients I represent.

11.    I am generally familiar with the market in the Western District of Wisconsin for representation under the Fair Labor Standards Act.   I am currently acting as one of plaintiff's counsel on two such cases in the Western District.

12.    I have participated as co-counsel over the last three years in class actions before the Western District of Wisconsin in which the attorneys fees approved by the court were at least 30% of amount obtained for the class and such a percentage is and continues to be regarded as fair market value for the types of services provided by counsel in this case.

13.    I understand that class counsel in the present action has filed a petition with the Court seeking attorney fees in the net amount of slightly over 29 percent of the common fund of $18 million dollars.  The award sought, as I understand it, takes into account expenses which would be deducted from 30 percent of the common fund.

14.    I understand that the recovery in this matter will pay each class member approximately $3,453.00 after attorney fees and costs have been deducted.

15.     I am very familiar with the significant risks of the type which appear to have been involved in this case.  Those risks include the fact that this case involved multi-state litigation, the potential and eventual bankruptcy filed by the defendant and certain legal decisions which made recovery for the plaintiffs far less than certain.

16.     I have reviewed thoroughly the billing statements of primary counsel in this matter and understand that, at their reasonable rates, their lodestar hourly billings currently approximate $1.55 million dollars.

17.     I consider the amount of time and effort in light of the risk of non-payment in this case to be very significant.

18.     It is my opinion that the contingency fee requested, 30 percent the common fund minus costs incurred and to be incurred is reasonable and very much in accord with current market rates.

19.     I personally know Attorneys Robert Gingras and Michael Modl who are the lead counsel in this case and I am familiar with their respective credentials and the historical quality of their work.  In my opinion an hourly rate of $400.00 for each of these individuals is a reasonable hourly rate given their market value in the legal community and their experience and skill as demonstrated by the very fine result obtained in this matter.  I have also reviewed the time records of both the law firm of **Gingras, Cates & Luebbke** and **Axley, Brynelson** and believe that the amount of work expended and the charges for that work are reasonable.

Dated this 7th day of May, 2010.

/s/Michael R. Fox
Michael R. Fox