UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARC GOODELL,
PHILIP POWERS,
CHAD WERTH,
ROSS BLAKLEY,
DOMINICK P. TUCKER,
JUSTIN ROSE, and
KYLE CRAWFORD,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

    Plaintiffs,

v.

                                  Case No. 08-cv-512-C

CHARTER COMMUNICATIONS, LLC,
and
CHARTER COMMUNICATIONS, INC.

    Defendants.

---

### DECLARATION OF JAY URBAN

---

    I, Jay Urban, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

    1.    I am the founder and co-shareholder of a Wisconsin law firm, Urban & Taylor s.c., and have practiced plaintiffs personal injury and employee rights litigation for 18 years. I am a Nationally Board Certified Civil Trial Specialist, and have been recognized as a Wisconsin SuperLawyer every year since inception, Best Lawyers in America and numerous other awards and distinctions, including the Most Outstanding Lawyer Under 40 in America by the American Association for Justice (formerly ATLA) in 2002. I have served in several leadership roles in our state trial

      bar organization, including the Board of Directors of WAJ for a decade. I was nominated as one of the candidates for President-Elect of the Wisconsin State Bar for 2010.

2. I have carried out approximately 20 jury trials in plaintiffs personal injury and employee rights cases as well as appeals as far as the Wisconsin Supreme Court and the Seventh Circuit Court of Appeals, and handled cases from claims stage through litigation for thousands of clients. As part of my practice I conduct all phases of civil litigation and trials, including employee rights claims like those at issue in the case settlement pending before this court.

3. I am Wisconsin state counsel for the *Wal-Mart Wage & Hour Employment Practices Litigation,* MDL 1735, venued in U.S. District Court in Las Vegas, Nevada before the Honorable Philip Pro. This is one of the largest wage and hour class actions in U.S. history, and Judge Pro recently approved a settlement including in pertinent part to this action a 33.333% attorney fee for class counsel. Attached as Exhibit A is a true and correct copy of that Order.

4. I am generally familiar with the market in Wisconsin for representation of plaintiffs under state law and under the FLSA with respect to wage and hour claims. I understand that class counsel in the above captioned matter is filing a fee petition with the court requesting attorney's fees in the amount of 30% of the common fund of $18,000,000. I further understand that the attorneys estimate costs after settlement administration will be approximately $125,000.00 and that those costs are being deducted from the fee. Therefore, I understand that the fee requested is 29.3% after costs have been deducted. After requested attorney's fees and costs are

        deducted from the common fund, I understand that the average class member will receive an excess of $3,400.00 cash, less applicable state or federal withholdings.

5. I have reviewed the Complaints in this case and I am generally familiar with the legal risks that this case entails. The above referenced result is an excellent result in light of the legal risks. I also believe the result is excellent relative to other wage and hour class actions that I am familiar with from around the country.

6. I am familiar with the significant legal and financial risks in prosecuting wage and hour class actions such as this case. There are numerous defenses that employers can assert to such claims to defeat the amount of merits. There are also significant risks in obtaining class certification. If such cases are litigated through trial, the out of pocket costs can be hundreds of thousands of dollars.

7. I further understand that in this case there was speculation in the media to the effect that Charter was contemplating bankruptcy at and around the time the plaintiffs' attorneys commenced this case. In my opinion, that significantly increased the risk of non-payment that the attorneys faced at the outside of litigation. It certainly would have been a factor that I would have strongly considered in terms of whether or not to even pursue such a case.

8. My opinion is that the 30% contingency fee requested in this case is both reasonable and consistent with the market rate for this type of work. In light of the legal risks in the case, the risk of non-payment, the excellent result achieved, and the prevailing market rate for wage and hour class actions in Wisconsin and across the country, it is my opinion that a 30% contingency fee is quite reasonable.

Dated this 14th day of May, 2010.

/s/ Jay Urban
Jay Urban