UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARC GOODELL,
PHILIP POWERS,
CHAD WERTH,
ROSS BLAKLEY,
DOMINICK P. TUCKER,
JUSTIN ROSE, and
KYLE CRAWFORD,
on behalf of themselves and a class
of employees and/or former employees
similarly situated,

    Plaintiffs,

v.

CHARTER COMMUNICATIONS, LLC,
and
CHARTER COMMUNICATIONS, INC.

    Defendants.

Case No. 08-cv-512-C

### ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT

WHEREAS, the parties have made application for an order preliminarily approving the settlement of this litigation as stated in the parties' Stipulation and Settlement Agreement ("Settlement Agreement") which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the litigation and for dismissal of the litigation upon the terms and conditions set forth therein. Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the settlement; and

WHEREAS, the Court has considered the pleadings and arguments made by the parties in support of the motion for preliminary settlement approval and hereby makes the following findings and rulings.

IT IS HEREBY ORDERED:

1. The Court preliminarily approves the Settlement Agreement and the terms set forth therein as being fair, reasonable and adequate. The Settlement Agreement appears to be the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has jurisdiction over the claims and parties alleged in Plaintiffs' proposed Third Amended Complaint and the Settlement Agreement.

3. Solely for purposes of the proposed settlement, the following Settlement Class is hereby certified pursuant to Rule 23 of the Federal Rules of Civil Procedure:

The Settlement Class. The Settlement Class includes any and all persons who were employed by Defendants in California, Michigan, Minnesota or Missouri in a covered position[1] at any time during the period from August 28, 2005 through August 28, 2008 and in Nevada, Illinois, Nebraska, Oregon, or Washington at any time during the period from three years prior to the date of entry of this Order through the date of entry of this Order, except for persons who timely and properly request exclusion from the Class, as set forth in paragraph 14 below, and any

---

[1] Covered positions consist of the following thirty-one (31) different job classifications: Broadband Technician I; Broadband Technician II; Broadband Technician III; Broadband Technician Lead; Broadband Technician Senior; Chief Technician; Data Services Technician I; Data Services Technician II; Data Services Technician Senior; Data Services Technician I CB; Data Services Technician II CB; Data Services Technician Senior CB; Install/Repair QC Technician I; Install/Repair QC Technician II; Installer Repair Technician I; Installer Repair Technician II; Installation Technician; Installation Trainee; Installer I; Repair Technician; Reverse Specialist; Service Technician; Service Technician I; Service Technician II; System Chief Technician; System Field Coordinator; System Technician; System Technician I; System Technician II; System Technician Lead; and System Technician Senior.

and all persons who released Defendants from claims for unpaid wages or overtime under the Fair Labor Standards Act or state law as a result of the settlement reached in *Sjoblom v. Charter Communications, LLC* (Case No. 07-C-0451-C) (W.D. Wis.) ("*Sjoblom* Litigation"). The parties estimate the Settlement Class will consist of approximately 3,625 members.

The Court specifically finds in the context of settlement and for settlement purposes only: (1) the Settlement Class is so numerous that joinder is impracticable; (2) questions of law and fact are common to the Settlement Class; (3) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class; and (4) the class representatives will fairly and adequately protect the interests of the Settlement Class. Further, in the context of settlement, the Court specifically finds that with respect to the claims asserted, the proposed Settlement Class meets the predominance requirement in that common claims and issues predominate over individual ones, and it appears that a class action is a superior method, as compared to individual or other actions, for resolving such claims, all as required pursuant to Fed.R.Civ.P. 23(b)(3).

4. Within fifteen (15) days following the entry of this Preliminary Approval Order, Defendants shall provide the Settlement Administrator with a list of the putative class members as of the date of entry of the Preliminary Approval Order. This information shall be used solely to manage the notice and claims process set forth in this Order, and shall remain confidential and not be disclosed to anyone other than the Settlement Administrator, except to applicable taxing authorities, pursuant to the terms of the Stipulation and Agreement to Settle Class Action or pursuant to express written authorization of Defendants or by order of the Court.

5. Solely for purposes of the proposed settlement, the Court preliminarily approves Gingras, Cates & Luebke, S.C. and Axley Brynelson, LLP as class counsel. The Court also hereby preliminarily approves Marc Goodell, Philip Powers, Chad Werth, Ross Blakley, Dominick P. Tucker, Justin Rose, and Kyle Crawford as class representatives.

6. A hearing for purposes of determining whether the Settlement Agreement should be finally approved shall be held before this Court on _Sept. 24, 2_, 2010 [at least 100

3

days after the date of preliminary approval] at 9:00 a.m./~~p.m.~~, in Room 260 of the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin, 53701-0432. The Final Approval Hearing may be postponed, adjourned, or continued by order of this Court without further notice to the Settlement Class beyond that which is provided for below.

7. At the Final Approval Hearing, the Court will hear arguments concerning whether the proposed settlement of the litigation on the terms and conditions provided in the Settlement Agreement is fair, reasonable and adequate and should be granted final approval by the Court. The Court will also at that time consider: (1) a request to award additional payments to the class representatives in consideration of the work and services they contributed to the case; and (2) class counsel's motion for an award of attorneys' fees and costs, to be paid from the settlement proceeds, and any objections thereto.

8. Pending the final determination of the fairness of the Settlement Agreement, all further litigation of the case is stayed.

9. The Court approves, as to form and content, the Notice of Wage/Hour Class Action Settlement, Settlement Hearing, and Claims Procedure to Certain Technicians Employed by Charter Communications, LLC or Charter Communications Inc. ("Class Notice") and the class Claim, Opt-In, Waiver, and Release Form ("Claim Form"), and finds that the distribution of the Class Notice and Claim Form substantially in the manner set forth in paragraphs 16-18 of the Settlement Agreement constitutes the best notice practicable under the circumstances, satisfies the requirements of due process and Rule 23(e)(1) and Rule 23(c)(2) of the Federal Rules of Civil Procedure, and constitutes due and sufficient notice to all individuals entitled thereto.

10. The Court appoints Rust Consulting Services, Inc. as the Settlement Claims Administrator. The Settlement Claims Administrator shall supervise and administer the notice procedure as more fully set forth below:

(a) An agreed-upon scripted live telephone call to the Settlement Class members by an employee of the Settlement Claims Administrator or its agents subject to mutual approval of the agents by the parties;

(b) A notice as approved by the Court delivered by U.S. mail setting forth the settlement terms, opt-out rights, objection rights, and claims procedures, and including a claim and release form;

(c) A reminder postcard in a form approved by the parties delivered by First Class U.S. Mail; and

(d) A second agreed-upon live scripted telephone call by an employee of the Settlement Claims Administrator or its agents before close of the claim period to class members who have not previously submitted claims or opted out.

11. All class members who are entitled to opt out of the Settlement Class and fail to do so in the time and in the manner provided in paragraph 14 of this Order, shall be bound by all determinations and judgments in the litigation, whether favorable or unfavorable to the Settlement Class.

12. Members of the Settlement Class who timely submit a properly completed Claim Form shall be entitled to participate in the settlement, based upon the distribution formulas set forth in the Settlement Agreement. Any member of the Settlement Class who does not timely submit a properly completed Claim Form shall not receive any settlement proceeds.

13. Any member of the Settlement Class may enter an appearance in the litigation, at his or her own expense, individually or through counsel of their own choice. Any member of the Settlement Class who does not enter an appearance or opt out of the settlement will be represented by class counsel.

14. Any member of the Settlement Class who wishes to be excluded (opt out) from the Settlement Class and not participate in the proposed settlement must sign, date, and return by First Class U.S. Mail or the equivalent a written Request for Exclusion (as provided in the Notice) to the Settlement Claims Administrator that is postmarked on or before forty-five (45) days after the Class Notice and Claim Form are first mailed to members of the Settlement Class.

15. Any member of the Settlement Class may appear at the final approval hearing and show cause, if he or she has any, why the proposed Settlement Agreement and the attorneys' fees and costs requested by class counsel should or should not be approved; provided, however, that no member of the Settlement Class or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement Agreement unless that person has, no later than forty-five (45) days after the date of the first mailing of the Class Notices and Claim Forms to members of the Settlement Class: (1) filed a written objection with the Clerk of the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin 53701-0432, and delivered copies (by hand or by first class mail) to the settlement claims administrator, class counsel, and Defendants' counsel that include the name and address of the objector, a detailed statement of the basis for each objection asserted, the grounds on which the objector desires to appear and be heard (if any), and if the objector is represented by counsel, the name and address of counsel; and (2) filed an Entry of Appearance *in propria persona* or through the person's own attorney with the Clerk of the United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin 53701-0432, and delivered copies (by hand or by first class mail) to the Settlement Claims Administrator, class counsel and Defendants' counsel. All timely filed and served objections shall be considered and ruled upon by the Court at the final approval hearing. Any member of the Settlement Class who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement set forth in the

Settlement Agreement and to any award of attorneys' fees and costs to class counsel, unless otherwise ordered by the Court.

16. Defendants shall file and serve any objections they may have to class counsel's motion for attorneys' fees and costs on or before June 30, 2010. Class counsel shall file and serve their reply, if any, on or before July 21, 2010. At the final approval hearing, the Court shall determine whether the Settlement Agreement shall be granted final approval, and shall rule upon class counsel's motion for an award of attorneys' fees and costs.

17. The Court reserves the right to adjourn the date of the final approval hearing without further notice to the Settlement Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

18. In the event that final approval of the settlement as set forth in the Settlement Agreement does not occur, the Settlement Agreement shall be null and void, and shall be deemed terminated, and all findings based upon such Settlement Agreement shall have no force or effect unless otherwise agreed to in writing by counsel for the parties.

Dated: May 20, 2010.

BY THE COURT:

*Barbara B Crabb*
HON. BARBARA B. CRABB

District Court Judge

cc: All Counsel of Record

F:\EAFDATA\14968\62470\00698485.DOC