IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARC GOODELL,
PHILIP POWERS,
CHAD WERTH,
ROSS BLAKELY,
DOMINICK P. TUCKER,
JUSTIN ROSE and
KYLE CRAWFORD, on
behalf of themselves and a
class of employees and/or
former employees similarly
situated,

                                    ORDER

                Plaintiffs,

                                  08-cv-512-bbc

    v.

CHARTER COMMUNICATIONS, LLC
and CHARTER COMMUNICATIONS, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Marc Goodell, Philip Powers, Chad Werth, Ross Blakely, Dominick P. Tucker, Justin Rose and Kyle Crawford have moved for an award of attorney fees and costs in this class action litigation. Following mediation, the parties reached a settlement of all claims on behalf of approximately 3,650 current and former technical employees of

1

defendants Charter Communications, LLC and Charter Communications, Inc.

The settlement amount is $18 million. Plaintiffs are seeking a fee award of 30% of that amount or $5,400,000. (They are forgoing a request for reimbursement of costs.) In support of their request, they have submitted affidavits from two of their own lead counsel and four other lawyers practicing in the Madison area, all attesting to the reasonableness of the fee request for similar suits brought in this geographic area.

Defendants oppose the request, arguing that when counsel took the case, it presented almost no risk. They point out that counsel had previously litigated a related case, Sjoblom v. Charter Communications, LLC, 07-cv-451-bbc, in this district and had the benefit of the discovery and other work from that case, minimizing the work they would be required to do in this case. Plaintiffs point out that when they sued, defendants were facing bankruptcy, to which defendants respond that they had shown in Sjoblom that they had the financial reserves to pay a multi-million award if they had to.

Defendants argue that because of the minimal work involved and the non-existent fear of bankruptcy, counsel should not be awarded the full amount of their request. Instead, defendants say, the court should reduce the fee award and increase the sums that the class members would keep. They ask the court to use a lodestar approach to calculate the fees to be awarded.

It is somewhat anomalous for defendants to be arguing on behalf of plaintiffs,

particularly when no plaintiff has raised any objection to the fee request. Whatever their motives, their arguments do not fare well in this circuit. The Court of Appeals for the Seventh Circuit has held in a number of cases that when common funds are involved, the district court determines a reasonable fee to be paid out of the common fund, and in doing so, considers the value the marketplace would have assigned to the case at the outset. E.g., Sutton v. Bernard, 504 F.3d 688, 692, 693 (7th Cir. 2007). It does not undertake an assessment of the reasonableness of the fees sought in relation to the results obtained. That approach is reserved for fee awards in cases that do not involve common funds and in which the courts are concerned about saddling defendants with the costs of pursuing litigation strategies that prove unsuccessful. Id. at 692. By contrast, in common fund cases, the fee is "premised on the idea that the plaintiffs and their counsel share in the litigation's costs." Id. at 693.

As it turned out, this case settled in six months, after fairly intensive mediation efforts. Defendants' bankruptcy proceedings proved not to be a barrier to a recovery by the class. In hindsight, it is evident that the case did not pose a high risk of non-recovery, which does not mean that plaintiffs' counsel are not entitled to the fees they are seeking. The question is not how risky the case looks when it is at an end but how the market would have assessed the risks at the outset. What fee arrangements other lawyers have required before they would have taken the case? On this point, the only evidence is what plaintiffs have

3

submitted, which is that class action fee arrangements with well qualified counsel, such as plaintiffs' counsel in this case, are rarely set lower than one-third of the recovery. Defendants have not attempted to contradict this evidence with anything to the contrary. Accordingly, I find that plaintiffs' counsel are entitled to a fee award equal to 30% of plaintiffs' $18 million recovery.

## ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiffs Marc Goodell, Philip Powers, Chad Werth, Ross Blakely, Dominick P. Tucker, Justin Rose and Kyle Crawford for an award of attorney fees of $5,400,000.00 is GRANTED.

Entered this 17th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge